*Municipal Court of the
City of Boston*
No. 311323

**DIVERSIFIED LEASING CORP.**

v.

**CAMBRIDGE COFFEE, TEA AND
SPICE HOUSE, INC.**

Argued: Oct. 19, 1973   Decided: Jan. 15, 1974

Case tried to *Canavan, J.,* in the Municipal
Court of the City of Boston.   No. 311323.
*Present:* Lewiton, C.J., DeGuglielmo, Doer-
fer, JJ.

**Doerfer, J.** This is an action of contract to recover payments allegedly due under a written lease of certain equipment. The defendant answered by way of a general denial and payment.

The principle contention of the defendant is that the transaction in question, although governed by the terms of a written document called a ''lease'' is nevertheless a conditional sales contract, and the lease is really intended only as security. Defendant, on this basis, says implied warranties of merchantability and fitness relating to the equipment apply (see G.L. c. 106, §§ 2-314) ; that these warranties were breached by the plaintiff; and that said breaches provide a defense to this action.

The lease clearly indicates an intention of the parties to enter into a true lease, and not a lease merely as security. For example, clause #7 states ''No title or right in said property shall pass to lessee except the lease rights herein expressly granted. Plates or other markings may be affixed to or placed on said equipment indicating that lessor is the owner thereof and lessee will not remove the same. Upon termination of the lease, lessee will immediately return said equipment to lessor in as good condition as received less normal wear, tear and depreciation. Said equipment shall always remain and be deemed personal property even though attached to realty. All replacements, equip-

ment, repairs or accessories made to or placed in or upon said equipment shall become a component part thereof and title thereto shall be immediately vested in lessor and shall be included under the terms hereof.''

The trial justice reported that the defendant's Vice-President testified in substance that, at the completion of the payments called for by the lease document, title to said equipment passed to the defendant and a bill of sale would issue to the defendant from the plaintiff. No such term is included in the written lease, and the basis or authority for this statement of the witness is not reported, if indeed the witness stated any basis or authority for his testimony other than his unilateral assumption to that effect.

The term ''security interest'' is defined in G.L. c. 106, § 1-201(37) as ''an interest in personal property or fixtures which secures payment or performance of an obligation. . . .Unless a lease or consignment is intended as security, reservation of title thereunder is not a 'security interest'. . . .Whether a lease is intended as security is to be determined by the facts of each case; however (a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease the lessee shall become or have the option to become the owner of the property

for no additional consideration or for a nominal consideration does make the lease one intended for security.''

The defendant requested the following ruling:

"*1*. That the defendant leased the equipment alleged in the plaintiff's declaration pursuant to a conditional sales contract".

In response to this request the court stated:

"Denied. I find that the defendant signed a lease for the rental of equipment with the plaintiff."

The trial justice was certainly not required, on the basis of the evidence reported, to rule as a matter of law that the transaction was a conditional sales contract. Only if he had found as a fact that the equipment would become the property of the defendant, or that the defendant had the option to become the owner of the equipment for a nominal or no consideration, at the expiration of the stated lease period would it have been error to deny this request. G.L. c. 106, § 1-201(37). The trial judge was not required by the evidence to find that this was one of the terms of the transaction, and it is clear that the judge did not so find.

Requests numbered 2 and 3 were similarly properly denied.[1]

---

[1] "2. That said lease arrangement was based upon the defendant receiving right, title and interest in the

Defendant's requests numbered 4, 5 and 6 were based upon the hypothesis that the lease was intended as security and were properly denied as being based on facts not found by the court.[2]

Request #7 is,

"The plaintiff failed to perform the responsibilities and obligations and therefore, is entitled to no further recovery."

There is no evidence reported which would require the trial justice to grant this request as a matter of law. **Report dismissed.**

SHELDON H. GANZ of Boston

for the defendant

DANIEL BRIANSKY

for the plaintiff

---

equipment concerned upon termination of said lease for a nominal charge.

"3. That the transaction in question before the Court is one concerning a conditional sales contract and thereby governed by Massachusetts General Laws Chapter 106, § 2 and amendments thereto."

[2] "4. That the implied warranties created under Massachusetts General Laws and applicable common law cannot be waived by the disclaimers stated on any and all agreements executed by and between the plaintiff and the defendant." Ruling by the Court: "*Denied*".

"5. That the planitiff's equipment did not perform according to the express warranties, and further, failed to conform with any implied warranties created by the conditional sales contract." Ruling by the Court: "*Denied*".

"6. The defendant, by its actions, rejected the equipment in question and is not responsible for any payments thereafter according to the lease arrangement." Ruling by the Court: "*Denied*".